UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADSTONE LAND, LLC, a California limited liability company,<br><br>             Plaintiff,<br><br>     v.<br><br>CHARMING CHARLIE MARKETS, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>             Defendants. | No.  2:22-cv-01091-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Charming Charlie Markets Inc. ("Defendant") seeks to dismiss Broadstone Land, LLC's ("Plaintiff") fraudulent promise claim for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  See Mot. to Dismiss ("Mot."), ECF No. 16.  Plaintiff opposes the motion.[1]  See Opp'n, ECF No. 19.  Defendant replied.  See Reply, ECF No. 20.  For the

---

[1] The Court declines Defendant's request to strike Plaintiff's untimely opposition briefing.  Reply at 2.  Though an untimely opposition may "be construed by the Court as a non-opposition to the motion" under Local Rule 230, the Court in its discretion shall consider the opposition on its merits.  E.D. Cal. L.R. 230(c).

1

reasons set forth below, the Court GRANTS Defendant's motion to dismiss.[2]

I. BACKGROUND

Plaintiff owns and leases commercial property ("Premises") located in Folsom, California. First Amend. Compl. ("FAC") ¶ 4, ECF No. 13. The Premises is part of a larger shopping center. Id. Plaintiff leased the Premises to Defendant to open a retail store selling women's fashion accessories, apparel, beauty supplies, and gifts. Id. ¶¶ 6-7. As part of the leasing agreement, Plaintiff agreed to pay Defendant a tenant improvement allowance ("TIA") of $300,000.00. Id. ¶ 16. Defendant agreed to take possession of the property and to pay rent from June 1, 2021 to May 31, 2026. Id. ¶¶ 6, 10.

Plaintiff alleges that Defendant breached the leasing agreement by abandoning the Premises and refusing to pay rent due. Id. ¶¶ 8-10. Defendant allegedly abandoned the Premises on April 15, 2022 and has not paid rent since. Id. ¶¶ 7, 10.

Plaintiff further alleges that Defendant fraudulently induced Plaintiff to provide a 300k TIA, because Defendant asked for a "larger-than-normal" TIA even though it "knew it lacked the financial backing, skill, and commitment to perform under the Lease." Id. ¶¶ 16, 21. This suit followed. See Compl.

///
///
///

---

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 15, 2022.

2

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility under Twombly requires "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'" Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

Here, where Plaintiff alleges a claim based in fraud, Plaintiff's allegations must satisfy the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). It is not enough to set forth "the

3

neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). This heightened pleading standard applies to state-law claims sounding in fraud. Vess, 317 F.3d at 1103-04.

B.  Discussion

Defendant seeks to dismiss Plaintiff's state fraud claim for failure to meet the heightened pleading standard of Rule 9(b). Mot. at 6. The elements for a claim for fraudulent promise are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).

The Court finds that Plaintiff has failed to allege these elements with the specificity required by Rule 9(b). For one, Plaintiff has not identified the specific misrepresentations giving rise to fraud. Although Plaintiff alleges that Defendant "knew it lacked the financial backing, skill, and commitment" to perform its lease obligations, knowledge is not the same as misrepresentation. Rule 9(b) requires Plaintiff to allege the "who, what, when, where, and how of the misconduct charged." Kearns, 567 F.3d at 1124. This means Plaintiff must allege more than what is simply "necessary to identify the transaction," which is all Plaintiff has done. Vess, 317 F.3d at 1106.

In the absence of specific facts, Plaintiff's allegation that Defendant never intended to perform its duties under the lease is but "a legal conclusion couched as a factual allegation," and the Court need not accept it as true. Ashcroft

4

1  v. Iqbal, 556 U.S. 662, 678 (2009).  As such, Plaintiff has not
2  pled facts sufficient to state a claim for relief that is
3  plausible on its face, nor has Plaintiff pled facts with the
4  specificity required by Rule 9(b).  Accordingly, the Court
5  dismisses Plaintiff's claim for fraudulent promise with leave to
6  amend.  Cooks, Perkiss & Leiche, Inc. v. N. Cal. Collection
7  Serv., Inc., 911 F.2d 242, 246-47 (9th Cir. 1990) (holding that
8  leave to amend should be granted unless the "pleading could not
9  possibly be cured by the allegation of other facts").

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's second claim for fraudulent promise without prejudice.  If Plaintiff intends to file an amended complaint, it must do so within twenty (20) days of this Order.  Defendant's response pleading is due twenty (20) days thereafter.  If Plaintiff does not file an amended complaint, the case will proceed on the remaining claim in its complaint.

IT IS SO ORDERED.

Dated: December 13, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE